E. A. WEDGEWOOD, SHERIFF, V. CITIZENS NATIONAL BANK.

[FILED MARCH 19, 1890.]

1. **Chattel Mortgages:** SALE BY MORTGAGOR: MORTGAGEE'S LIEN. Certain mortgages upon a stock of goods were made by the then owner and the mortgagor permitted to remain in possession and sell the goods for two or more years, at the expiration of which time certain attachments were levied on the property, whereupon the mortgagees brought an action of replevin under their mortgages and, the goods having been converted into money, recovered the full amount claimed. It appeared from the testimony that a considerable part of the stock upon which the mortgage lien existed had been sold and replaced to some extent by other goods. *Held,* That in no event could the mortgagees recover anything but the stock or its value upon which they had a lien.

2. ——. The question of fraudulent intent is not involved in the case.

ERROR to the district court for Hall county. Tried below before TIFFANY, J.

*Thummel & Platt,* and *Thompson Bros.,* for plaintiff in error, cited: Wells, Replevin, sec. 178, p. 94; *Ames v. Boom Co.,* 8 Minn., 467; *Burnham v. Doolittle,* 14 Neb., 214; *Carty v. Fenstemaker,* 14 O. St., 457.

*O. A. Abbott, contra,* cited : *Burnham v. Doolittle,* 14 Neb., 214; *Skinner v. Reynick,* 10 Id., 323.

MAXWELL, J.

This is an action of replevin brought by the defendant in error against the plaintiff to recover the possession of " The entire stock of drugs, medicines, and fixtures, toilet articles, fancy goods, and all merchandise and goods of every description; also, one fire proof safe, eleven show cases, all tools and furniture of every description, paints, oils, shelf ware, wines, whiskies, cigars, notions; also, all shelving and partitions, lamps and stoves, and everything lately contained in the store building known as Zimmer's drug store, or Heimberger's drug store, in the Academy of Music building, on Third street, in the city of Grand Island, in said Hall county, and of the value of $1,500." The answer is a general denial. On the trial of the cause a jury was waived, and the court found the value of the property to be $1,526, and that the bank had a special interest therein to the amount of $1,137.25 and rendered judgment in its favor for that sum.

The plaintiff in error claims possession under certain attachments levied by him on the property, and the defendant in error by virtue of a chattel mortgage executed by one Zimmer, dated July 28, 1884, and also one dated October 4, 1886.

The testimony shows that the mortgagors were permitted after the execution of the mortgage to sell goods in the same manner as if no mortgage had been given, and a considerable portion of the property on which the mortgage lien existed had been sold and replaced by other goods. This court by a long series of decisions has held that a mortgage on goods in this state is a specific lien which attaches to the goods mortgaged and not to goods in general. (*Tallon v. Ellison*, 3 Neb., 63; *Williams v. Evans*, 6 Id., 216; *Hedman v. Anderson*, 6 Id., 392; *Gregory v. Whedon*, 8 Id., 373.) In no view of the case, therefore, can the judgment in favor of the bank be sustained.

The mortgagor having been in possession for so long a time before the bringing of the action and no objection being made by creditors or others, the question of fraudulent intent, or the want of it, is not referred to in the briefs and does not seem to arise in the case and will not be discussed.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.